UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:17cv1753/35 AEP

JOSE RAMIREZ, JOEL SANTANA and
all those similarly situated,

   Plaintiff(s),

v.

STATEWIDE HARVESTING &
HAULING, LLC

   Defendant.

## COMPLAINT

Plaintiffs, JOSE RAMIREZ, JOEL SANTANA, and all those similarly situated, sue the Defendant, STATEWIDE HARVESTING & HAULING, LLC, and alleges:

1. This is a collective action to recover money damages for unpaid overtime under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff Ramirez is a resident of Polk County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Plaintiff Santana is a resident of Polk County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. Corporate Defendant is a Florida Limited Liability Company, having its main place of business in Dundee, FL. At all times material Defendant was and is engaged in interstate commerce.

## **COUNT I: OVERTIME WAGE AND HOUR VIOLATION BY CORPORATE DEFENDANT**

6. Plaintiffs incorporate paragraphs 1-5 above.

7. This action is brought by Plaintiffs and those similarly situated to recover from unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Corporate Defendant operates as a limited liability company which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiffs, by virtue of working in interstate commerce, otherwise satisfies the Act's requirements.

9. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiffs were engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant retrieves, packages and sends fruit from farms and, through its business activity, affects interstate commerce. Plaintiffs' work for Defendant likewise affects interstate commerce. Plaintiffs managed employees and drove employees to farms and to run errands for the workers.

10. Plaintiffs and those similarly situated were made to supervise other employees. These supervisors were made to drive workers around to the farms. Additionally, supervisors drove workers to and from their dormitories to do laundry, to buy food, and to buy personal supplies. These additional activities are in no way related to agriculture.

11. While employed by Defendant, Plaintiffs, and those similarly situated, worked an average of sixty (60) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which they were employed.

12. Plaintiffs and those similarly situated were paid in relation to the amount of fruit collected from the farm. This rate was never adjusted to reflect overtime. No amount was paid for driving time to and from the employee dormitories.

13. Plaintiffs and those similarly situated seek to recover unpaid regular wages and unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

14. Prior to the completion of discovery and to the best of the knowledge of Plaintiffs, at the time of the filing of this Complaint, a good faith estimate of the *unpaid* overtime wages for each Plaintiff individually are as follows:

    - $8.10 x 1.5 = $12.15 overtime rate;
    - $12.15 x 20 hours = $243 per week;
    - $243 per week x 156 weeks = owed overtime
    - $37,908 x 2 liquidated damages = $75,816 in total damages plus fees and costs for each Plaintiff

15. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay Plaintiffs and those similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

16. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to recover double damages. Defendant never posted any notice, as

required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

17. Defendant willfully and intentionally refused to pay Plaintiffs and those similarly situated overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs and those similarly situated these *overtime* wages since the commencement of their employment with Defendant as set forth above.

18. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and any members of the prospective class against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs and any members of the prospective class actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs and any members of the prospective class an equal amount in liquidated damages; and

D. Award reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues so triable as of right.

Respectfully submitted on July 17, 2017 by:

/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
786.708.7550

Attorney for Plaintiff